## HEIDENHEIMER BROS. v. M. S. McKEEN.

(Case No. 1870.)

1. SEPARATE AND COMMUNITY PROPERTY.— Merchandise which was not acquired by the wife, either by gift, devise or descent, nor by the exchange of property thus acquired, nor by money derived through the sale of property thus acquired, but which was purchased by the wife with money borrowed upon the faith of her separate property as security, is not the separate property of the wife, but the community property of the husband and wife. The transaction is not equivalent to an exchange of the wife's separate property for the merchandise.

APPEAL from McLennan. Tried below before the Hon. B. W. Rimes.

Heidenheimer Bros. recovered a judgment in the district court of McLennan county on the 5th day of June, 1879, against Byron Mc-Keen, for the sum of $1,246.25, and on the 12th day of September, 1881, caused an execution to be issued thereon, and to be levied on certain merchandise in the possession of McKeen, which levy was made on the 14th day of September, 1881. Mary S. McKeen, the appellee, and wife of Byron McKeen, made oath and gave bond for the trial of the right of property, and on June 2, 1883, a trial was had resulting in a verdict and judgment for appellees, and that the merchandise levied on was the separate property of Mary S. Mc-Keen. Heidenheimer Bros. filed motion for a new trial, which being overruled, they gave notice of appeal.

There were eight assignments of error. Those noticed are sufficiently apparent from the opinion.

*Alexander & Winter* and *Clark & Dyer*, for appellants, cited: Wilkinson v. Wilkinson, 20 Tex., 242; De Blane v. Lynch, 23 Tex., 25; Braden v. Gose, 57 Tex., 40; Hollis v. Francois, 5 Tex., 202.

*Walton, Hill & Walton* and *Jones & Kendall*, for appellees, cited: Love v. Robertson, 7 Tex., 9, 10, and authorities; Rose v. Houston, 11 Tex., 326, 327, and authorities; Bright's Husband and Wife, ch. 9, sec. 1, pp. 292, 302; Edrington v. Mayfield, 5 Tex., 366; McKay v. Treadwell, 8 Tex., 180; Whart. Contr., sec. 85; White & Will-son, Ct. App., 362; Wait's Act. & Def., vol. 3, p. 666; Hollis v. Francois, 5 Tex., 195, 206.

WATTS, J. COM. APP.— Notwithstanding the numerous errors assigned, the important question presented by the record is this: Admitting the facts with reference to the purchase of the merchandise

to be as claimed by appellees, then is it not community property and subject to the levy?

It should be observed that this merchandise was not acquired by Mrs. McKeen by either gift, devise or descent, nor by the exchange of property thus acquired, nor by money derived through the sale of property thus acquired.

Counsel claim that as the merchandise was purchased with money which was borrowed upon the faith of her separate property as security, that therefore the money, as well as the merchandise in which it was invested, became her separate property.

Now, suppose that the debt incurred in securing the loan had been paid without any resort whatever to the deed of trust, it would not be insisted, we apprehend, that the money or merchandise either became the separate property of the wife, simply because her real estate had been used as a security for the debt.

If the money had been borrowed upon the faith of a deed of trust given upon the separate property of the husband, certainly the money nor the merchandise either would for that reason become his separate property.

In either case the *status* of the property is to be determined at the time when the loan is secured. It will not do to say, because perchance the separate property of the husband, or the wife, as the case may be, which has been used as security, may have to be resorted to for the purpose of paying the debt in whole or in part, that therefore the money secured by the loan, and the merchandise purchased with it, constitutes a portion of the separate property of the marital partner whose property had been used as security.

In the case of Herschel *et al. v.* L. & H. Blum, it was held that where the wife secured a loan of money which was invested in merchandise, that neither the money nor the merchandise was her separate property, but that both were community property and subject to the debts of the husband.

Here the transaction disclosed by the record is not equivalent to an exchange of the wife's separate property for the merchandise. And it is very clear that she did not acquire it by gift, devise or descent. Hence the conclusion that this merchandise, under the facts and circumstances shown by the record, must be considered as community property, and subject to the levy.

We conclude that the court erred in the instructions given, as well as in refusing to give those asked by appellants. The judgment ought to be reversed and cause remanded.

REVERSED AND REMANDED.

[Opinion adopted February 13, 1885.]