## J. H. GODDARD V. R. B. REAGAN ET AL.
### No. 650.

1. **Payment of Community Debt by Wife—Her Rights.**—Because money borrowed during marriage upon the note of the husband and wife, and paid for land purchased, was repaid to the lender out of funds the separate property of the wife, does not make the land purchased with the borrowed money her separate property. The money borrowed was community funds, the note given for it was a community debt, and when paid by the wife's money, became a claim in her favor against the community estate, or against her husband.

2. **Land Paid for with Wife's Money.**—Seven-tenths of the purchase money of land acquired during marriage was paid with the separate means of the wife, and three-tenths with community money. The wife has equitable title to seven-tenths of the land.

3. **Law of Another State—Presumption as to.**—When there is no evidence as to what the law of another State is upon the subject of a gift to the wife, it will be presumed to be the same as the law of Texas on that subject.

4. **Notice to Trustee, Notice to Beneficiary.**—When a note and trust deed on land purchased during marriage and paid for with means of the wife is given, notice to the trustee of the equitable title of the wife to the land is notice to the beneficiary of the trust deed.

5. **Rights of Innocent Holder of Note and Trust Deed.**—The note and trust deed having both been assigned by the original holder to W., who had no notice of the wife's equitable title to the land, he is not affected by such secret equity, and a purchaser at a sale made under the trust deed would take title as against the wife, although he may have had notice, at the time of sale, of the wife's equity.

6. **Retroactive Law—Act of 1889—Trust Sales.**—The trust deed having been executed prior to the Act of 1889, requiring sales under trust deeds to be made at the court house door of the county in which the land is situated, the power given therein to sell in another county than that in which the land lay was not taken away by said statute.

APPEAL from Cherokee.   Tried below before Hon. JAS. T. POLLEY.

*Gregg, Morris & Willson,* for appellant.—1.   Property purchased during marriage, whether the conveyance be made to the husband or wife separately, or to them jointly, is presumed to belong to the community.   Sayles' Civ. Stats., art. 2852; Huston v. Curl, 8 Texas, 239; Love v. Robertson, 7 Texas, 6; King v. Gilleland, 60 Texas, 274; Chapman v. Allen, 15 Texas, 278; Cooke v. Bremond, 27 Texas, 457; Stiles v. Japhet, 84 Texas, 95; Epperson v. Jones, 65 Texas, 425.

2.   Whether property acquired by the wife in another State while residing there with her husband is or is not her separate property depends upon the law of such State; and to charge a party with notice of the wife's separate estate, the law of such State must be alleged.

3.   If separate property has undergone mutations, it is indispensable in order to maintain its separate character, that it be clearly and indisputably traced and identified.   Chapman v. Allen, 15 Texas, 278.

4.   The court erred in rendering judgment for said defendants and intervenor for said 230 5-30 acres of land, in this, that the evidence

wholly failed to show that B. R. Wheeler, who after the execution of said deed of trust became the owner of the debt it was made to secure, at the time he became the owner of it, had notice of such claim of separate property in said Mrs. Martha Reagan, deceased. Jesson v. Loan Co., 3 Texas Civ. App., 25; Haley v. Manning, 2 Texas Civ. App., 19; 1 Am. and Eng. Encyc. of Law, 344, 351; Story on Agency, sec. 140.

5. Money borrowed by the wife during marriage is community property. Sayles' Civ. Stats., art. 2854; Heidenheimer Bros. v. McKeen, 63 Texas, 229; Epperson v. Jones, 65 Texas, 425.

6. When property comes into the hands of one having no notice of prior equities, he obtains a complete jus disponendi, and his want of notice is a protection to all subsequent grantees, though they have notice. Love v. Robertson, 7 Texas, 6; Cooke v. Bremond, 27 Texas, 457; Wallace v. Campbell, 54 Texas, 87; Haley v. Manning, 2 Texas Civ. App., 19; Sanborn v. Schuler, 3 Texas Civ. App., 632; Kirby v. Moody, 84 Texas, 201; Holmes v. Buckner, 67 Texas, 107; Herman v. Gunter, 83 Texas, 66; 16 Am. and Eng. Encyc. of Law, 841.

7. When a deed to land purchased during marriage is to the wife, or to the wife and husband jointly, to rebut the presumption of law that the land is community property, and establish a resulting trust in favor of the wife's separate estate, by reason of the fact that the purchase money was paid out of her separate means, when the claim of separate means of the wife depends upon the law of another State, as against the purchaser of the legal title, it must be shown, that by the law of that State the purchase money was her separate property, and that the purchaser of the legal title had notice of such law. Sayles' Civ. Stats., arts. 2852, 2853; Haley v. Manning, 2 Texas Civ. App., 19; Epperson v. Jones, 65 Texas, 425; Cooke v. Bremond, 27 Texas, 460; French v. Strumberg, 52 Texas, 92; Crow v. Fiddler, 3 Texas Civ. App., 576.

No brief for appellees has reached the Reporter.

WILLIAMS, ASSOCIATE JUSTICE.—This was an action of trespass to try title, in which appellant, plaintiff below, claimed three tracts of land under purchase at a sale under a deed in trust executed by R. B. Reagan, May 20, 1889, to secure his note and interest coupons, of same date, to one Bartlett; and in which appellees claim as heirs of Mrs. Martha Reagan, a former wife of R. B. Reagan, upon the ground that the property, though acquired during the marriage, by deeds, one of which was to R. B. Reagan and the other to R. B. and Martha Reagan, was nevertheless the separate property of the wife, because purchased and paid for with money which belonged to her in her separate right.

The evidence was sufficient to establish these facts as to the tract containing 30 5-10 acres. It showed that $400 of her money was loaned

to one Mosley, and that many years afterwards this tract of land was taken in payment of about $305 of the amount loaned.

It also appeared, that of $1000, which was the consideration paid for the 200 acres tract, $700 were the money of the wife. The other $300 were borrowed from one Roach, for which the joint note of Reagan and wife was given, and the money so obtained was paid for the land. Some four or five weeks after the land had been thus paid for and acquired, the note given to Roach was paid out of funds of the wife, which had been received from Tennessee. It is claimed that from these facts it appears that the whole of the consideration for the 200 acres was paid with the wife's separate means. But this contention is contrary to the decisions of the Supreme Court. The money borrowed from Roach was community funds, the note given to him was a community debt, and when paid out of the wife's money became, perhaps, a claim in her favor against the common estate, or against her husband. The title to the land had, however, been acquired, and its status was fixed at the time of its acquisition. As $300 of the price paid for it were common funds, and $700 the separate funds of the wife, the equitable title in a three-tenths interest vested in the community estate, and seven-tenths in the wife. Heidenheimer v. McKeen, 63 Texas, 229; Parker v. Coop, 60 Texas, 117.

The court below held the whole of the 200 acres to have been the separate property of the wife, and for this the judgment must be reversed.

It appears that the slaves and lands, the proceeds of which are treated as the separate property of the wife, were acquired by her after her marriage with Reagan, and while they were domiciled in Tennessee, by gift from her parents. Of course the investiture of the title was controlled by the law of that State; but as there was no evidence to show what that law was, it will be presumed to have been the same as that prevailing in this State; and under the facts stated, such money would therefore appear the separate means of the wife.

It sufficiently appears that Owens, who made the loan to Reagan and took the deed in trust under which plaintiff claims, was the agent of the lender of the money, and notice to him of appellees' claim, which is sufficiently shown, constituted notice to the original beneficiary of the deed.

But it seems that the note and mortgage were both assigned by the original holder to one Wheeler, before the trustee's sale at which plaintiff's purchase was made. No notice to Wheeler is shown. Appellees are asserting an equitable title against the holder of the legal title, and the burden is upon them to prove every fact necessary to establish the superiority of their equity. McAlpine v. Burnett, 23 Texas, 649.

While Bartlett, the original holder of the note and deed, may have held them subject to the equity of appellees, because of notice, it does not follow that his assignee, if he paid value and took without notice,

would be so affected. Jones on Mort., 834, 838, 1487; Stark v. Alford, 49 Texas, 276.

If the note was negotiable, it is believed that a transfer of it to a bona fide purchaser for value, before maturity, would cut off in his favor the equity asserted by appellees. Whether such would not be the effect as against such a claim as appellees', of an assignment of the mortgage to a bona fide purchaser for value, without notice, even if the note was non-negotiable, is a question we need not now decide.

If Wheeler acquired the lien on the land, freed from appellees' equity, it follows, of course, that a purchaser at the sale would take the title as against them, whether he had notice at the time of his purchase or not.

Again, the deed of trust was executed before the Act of 1889, requiring sales under such an instrument to be made at the door of the court house where the land is situated, took effect; and by its terms, the sale was to be made in Tarrant County. The record shows that a sale was made there, apparently in strict accordance with the terms of the deed, and plaintiff, through Wellington, purchased the land. It does not appear that before such sale either Wellington or plaintiff had notice of the title asserted by appellees. It is true, Reagan testified, without objection, that Bonner had stated to him that he had given notice to Wellington; and if the evidence rested here, this might, though hearsay, be treated as sufficient, inasmuch as it was not objected to. But Bonner was introduced, and appellees failed to prove by him the fact which Reagan had stated. The evidence is therefore insufficient to show notice prior to the purchase at the Fort Worth sale. By a recent decision of our Supreme Court, it is held that a power of sale given in a deed of trust, such as that in this case, to sell in another county than that where the land is situated, was not taken away by the subsequent statute; and that such a sale would pass the title. The notice given at the subsequent sale at Rusk, which seems to have been unnecessary, but precautionary, could not affect the title already vested. Building and Loan Association v. Hardy, 86 Texas, 610.

Because the evidence does not sustain the judgment in the particulars pointed out, the judgment for appellees for the two tracts mentioned is reversed, and the cause remanded for a new trial as to them. As to the thirty-five acres tract, the judgment is undisturbed.

*Reversed and remanded.*