EMERSON–BRANTINGHAM IMPLEMENT
CO. v. BROTHERS. (No. 1148.)

(Court of Civil Appeals of Texas. Amarillo. April 4, 1917. On Motion for Rehearing, April 25, 1917.)

1. HUSBAND AND WIFE ☞133(7)—SEPARATE PROPERTY—EVIDENCE—SUFFICIENCY.

Evidence *held* to show that the money with which an automobile was purchased was intended when borrowed to be the separate estate of the wife, so that the automobile was not subject to execution for the husband's debts.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 491.]

2. HUSBAND AND WIFE ☞257—COMMUNITY PROPERTY—RENTS OF SEPARATE ESTATE.

Vernon's Sayles' Ann. Civ. St. 1914, arts. 4621, 4622, as amended March 21, 1913 (Acts 33d Leg. c. 32), do not make the rents from the separate real estate of the wife her separate property, but merely give her control thereof, and the rents received from such property are community property and exempt from the debts contracted by the husband.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 904–908, 910.]

3. HUSBAND AND WIFE ☞149(1)—COMMUNITY PROPERTY—RENTS OF SEPARATE ESTATE.

Where the wife owned separate real estate, and the rents thereof were exempt from the husband's debts, creditors of the husband could not, when she purchased an automobile with such rents, levy on the automobile.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 573.]

4. HUSBAND AND WIFE ☞249—COMMUNITY PROPERTY—MONEY BORROWED.

In the absence of an understanding or agreement at the time, money borrowed by either the husband or wife is community property.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 887, 889–892.]

5. HUSBAND AND WIFE ☞131(1)—COMMUNITY PROPERTY—PRESUMPTIONS.

Evidence *held* insufficient to rebut presumption created by Vernon's Sayles' Ann. Civ. St. 1914, art. 4622, that funds deposited in the name of the husband or wife are the separate property of the person in whose name they stand.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 471.]

Appeal from District Court, Cottle County; J. A. P. Dickson, Judge.

Action by the Emerson-Brantingham Implement Company against O. B. Brothers, wherein defendant's wife filed a claimant's affidavit. Judgment for the claimant, and plaintiff appeals. Affirmed. On motion for rehearing. Motion overruled.

Spence & Haven and W. J. Rutledge, Jr., all of Dallas, for appellant. W. J. Arrington and Bell & Bell, all of Paducah, for appellee.

HUFF, C. J. [1] Emerson-Brantingham Implement Company, appellant, levied an execution, issued on a judgment in its favor, against O. B. Brothers, the husband of appellee, Mrs. O. B. Brothers, on an automobile claimed by the wife, Mrs. Brothers. She filed her claimant's affidavit and bond under the statute for the trial of the right of property. The trial court found the car so levied on the separate property of Mrs. Brothers, purchased by her from her separate estate. The facts show that Mrs. Brothers herself bought the car from the dealer, paying therefor $635, by checks drawn and signed by her, one for $100 on the First National Bank, and the other for $535 on the First State Bank. She at the time of drawing the checks to pay for the car, had standing in her name a

deposit of $100 in the First National Bank and a deposit in her name of $535 in the First State Bank. The deposit of $100 was money given to her by her father. The other deposit of $535 was at that time from a note executed by herself, joined by her husband, to the First State Bank, and the money so received was placed in the bank on deposit to her credit. The evidence shows that her father had some nine years previous given her a farm, and that she rented the farm, and the rents received from her tenant she deposited in the bank to her credit, upon which she checked by checks signed by her, and that she had done so ever since she owned the land. The rents collected after the execution of the note were so deposited. She testified she owned a Ford car and the proceeds thereof, $300, was paid on the note, and the balance was paid out of the rents from her farm, $235. The vice president of the bank testified he loaned the money to her and that he would not have loaned it to her husband; that he passed in to her separate account which she kept at his bank. The husband signed the note with her. Mrs. Brothers borrowed the money for herself and on her own account. The facts are sufficient to show that it was the understanding and agreement between the parties that the money borrowed on the note at the time of the transaction should be the separate property of Mrs. Brothers.

[2] It is urged the money received from the rents of Mrs. Brothers' farm was community property. It is our opinion that this contention is correct. The amendment of March 21, 1913, of articles 4621 and 4622, Vernon's Sayles' Civil Statutes, does not change the rents from the separate estate of real estate of the wife into the separate estate of the wife. The change in the law in this particular is that the control and management is now in the wife, instead as formerly in the husband, and such rents are exempt from the debts contracted by the husband. Tannehill v. Tannehill, 171 S. W. 1050; Scott v. Scott, 170 S. W. 273; Bank v. McWhorter, 179 S. W. 1147; Speer's Law of Marital Rights, §§ 195, 196, 312, 315, 316, and 332.

[3] It is also the contention of appellant that if the rents, as such, were exempt, the wife having converted a part thereof into money and invested it in property not exempt, or under the control of the wife, it would lose its exemption. If rents be sold or exchanged for other property, the proceeds or property taken in exchange immediately assume the same status of that sold or given in exchange. That received stands in lieu of that given. "The statute is intended to give to the wife absolute control over a part of a particular estate, and not over specific articles, as an exemption." The observations made by Judge Speer in his treatise on marital rights meet in the main with

our approval. These comments, coming from this able jurist and accurate writer on this subject, are entitled to great weight. See Speer's Marital Rights, §§ 302, 331, 332, 334. The rents from her estate being exempt, the creditor of the husband could not appropriate them to the payment of his debt. The change or mutation in the form from rents to money with which the automobile was purchased will not destroy her control thereof, or its exemption. The creditors, having no right to appropriate it in its original form, are not defrauded by its being invested or used in the purchase of the car, or in making it her separate property by understanding or agreement between them. This automobile was paid for by $100 given to the wife by the father, $300 by the proceeds of the sale of her Ford car, and $235 by rents, which were exempt. None of the purchase money or property which went into the auto could have been appropriated by the creditors of her husband. This act of Brothers and his wife withdrew nothing from their reach to which they were entitled to have subjected to their debts.

[4] It is true that it is established by the decisions of the courts in this state, in the absence of an understanding or agreement at the time, that money borrowed by either the husband or wife is community property. This is true if they borrow it without the intention that it should be the separate property. Heidenheimer v. McKeen, 63 Tex. 229; Canfield v. Moore, 16 Tex. Civ. App. 472, 41 S. W. 718; Goddard v. Reagan, 8 Tex. Civ. App. 272, 28 S. W. 352.

[5] However, we think in this case the evidence sufficient to warrant the trial court in finding that it was the understanding and agreement between the parties when the money was borrowed that it should be the separate estate of the wife. The amendment of article 4622, after defining community property, and placing under her control and management certain community property, among which is rents from the wife's separate estate, adds the following:

"And further provided, that any funds or deposit in any bank or banking institution, whether in the name of the husband or the wife, shall be presumed to be the separate property of the party in whose name they stand, regardless of who made the deposit, and unless said bank or banking institution is notified to the contrary, it shall be governed accordingly in honoring checks and orders against such account."

The appellant has not rebutted the presumption above specified by the statute. The deposit stood in both banks in the name of Mrs. Brothers. She checked it out by checks signed by her and honored by the bank, in payment for the car. The fact that she made a note and secured $535 would, perhaps, be in some measure a rebuttal of that presumption; but the evidence is she borrowed the money and the banker loaned it to her, and that her husband signed the note with her. The money on the note was immediately pass-

ed to her separate account, which she kept with the bank. It is therefore inferable and will justify the finding, that it was the understanding and agreement that this money should be her separate property. If one of the spouses borrow, intending to repay it from her separate estate, and both intend that the fund shall belong separately to the one borrowing, then such would be its status, even though the other sign the note as surety, or pledged property in such capacity. Somes v. Ainsworth, 67 S. W. 468; Sparks v. Taylor, 99 Tex. 411, 90 S. W. 485, 6 L. R. A. (N. S.) 381; Evans v. Purinton, 12 Tex. Civ. App. 158, 34 S. W. 350.

Mr. Justice Hawkins, speaking for the Supreme Court, as we think, very clearly expressed the rule in McClintic v. Midland, etc., 106 Tex. 32, 154 S. W. 1157:

"Execution by the husband of notes for balance of purchase money for land conveyed to the wife does not constitute such land community property. In various cases in which the first payment for land deeded to the wife has been made with her separate funds, and notes for deferred payments have been executed by the husband, with the understanding between them that they were to be paid out of the wife's separate estate, the land has been held to be her separate property. Such were the facts in Parker v. Fogarty, 4 Tex. Civ. App. 615, 23 S. W. 700, in which the distinguished former Chief Justice Lightfoot of the Court of Civil Appeals for the Fifth Supreme Judicial District, after a careful review of numerous decisions involving that question, said: 'The right of a married woman to buy property for part cash and part notes, where the payments are to be made out of her separate estate, is now too firmly established to be called in question'—citing Ullmann v. Jasper, 70 Tex. 447, 7 S. W. 763; McBride v. Banguss, 65 Tex. 174; Matlock v. Glover, 63 Tex. 239; Schuster v. Jewelry Co., 79 Tex. 179, 15 S. W. 259, 23 Am. St. Rep. 327; Evans v. Welborn, 74 Tex. 530, 12 S. W. 230, 15 Am. St Rep. 858. Subsequently, in Sparks v. Taylor, supra, this court, after reviewing various decisions upon the question, including the Parker Case, supra, said, in overruling the contention, that, because the husband joined the wife in signing a note secured by a lien on her separate property, the money borrowed thereon was community property. 'It is evident that this contention is not sustained by the decisions of this court, for in every case cited above the husband signed the notes for deferred payments, and the court held in each case that the fact of agreement that the notes should be paid by the separate funds of the wife fixed upon the land purchased the character of separate property; the controlling facts being the intention of the parties and the investment of the wife's separate funds.'"

This court substantially so held the rule to be in the case of Amend v. Jahns, 184 S. W. 729. The Supreme Court, however, in that case has granted a writ of error, evidently not upon this holding, as that proposition is now firmly established by the Supreme Court.

We have concluded that the trial court was justified in finding the car to be the separate property of Mrs. Brothers.

The judgment will be affirmed.

## On Motion for Rehearing.

The evidence in this case will warrant the inference that it was the purpose to buy the automobile for the separate use and benefit of Mrs. Brothers; that she was to pay for it out of her money and property and the rents from her land; that she in effect made a part payment on the automobile out of her separate estate, and the note was executed to pay the balance, which was to be repaid out of her separate estate and by exempt property, which by law was in her exclusive control. We believe, therefore, the rule announced in McClintic v. Midland can properly be applied in this case. The funds so received was by consent of all parties placed to her separate account in the bank, thereby evidencing an agreement to make it her separate estate. The community never in fact received these funds, but it was paid direct in to her separate estate.

The motion is overruled.