## FOSTER v. HACKWORTH.
### No. 9213.

Court of Civil Appeals of Texas. Austin.
Sept. 23, 1942.

A. G. Mueller, of Llano, for appellant.

Bill S. Watkins, of Llano, and Thos. C. Ferguson, of Burnet, for appellee.

BLAIR, Justice.

Appellee, Dan Hackworth, sued Mrs. Frankie Foster on a note for $280.62, and for interest and attorney's fees, and on an open account for $107.59, joining her husband, appellant, Linden Foster, pro forma. An attachment was issued and levied upon a Chevrolet truck. Later, by amended petition, appellant was also sued, it being alleged that he joined in the execution of the note and in the purchase of the materials and labor represented by the open account; that the truck was the community property of Frankie and Linden Foster; and praying for a foreclosure of the attachment lien on the truck. Appellant answered by certain demurrers to the petition, a general denial, a special plea that the note and account in suit were the debts of his wife, and a special plea that the attached truck was his separate property and not subject to the debts of his wife. Judgment was rendered against Frankie Foster for the indebtedness, and against her separate property, and against both Frankie and Linden Foster on the note and account, and against their community property; it being further decreed that the attached truck was community property; and the attachment lien thereon was foreclosed.

No complaint is made as to the judgment against Mrs. Frankie Foster. Appellant, Linden Foster, has appealed on an agreed statement of facts and finding of facts by the trial court.

Several propositions are submitted by appellant. The primary question raised is whether the truck is subject to the payment of the indebtedness sued upon. We have reached the conclusion that under the agreed statement of facts it is not subject to the indebtedness represented by the note. The agreed facts show that appellant, Linden Foster, is the husband of Frankie Foster, who at the time of making the note owned as her separate property a business

which was operated under the trade-name of "Teich Monument Works," which business was given to her by her father, one Teich. Appellant, Linden Foster, was the manager of the business for the father of Mrs. Foster and continued in the same capacity for his wife after she acquired the business; and it is agreed that "the note sued on in this case was signed by said Linden Foster in his capacity as manager of said Teich Monument Works, and not as an individual." He signed the note, "Teich Monument Works–Linden Foster," which was the manner in which he signed all instruments required to be signed by Teich Monument Works. It is further agreed that he had no interest whatever in the Teich Monument Works at the time the note was executed, or at any other time. It is further agreed that the indebtedness represented by the note was that of Teich Monument Works, of which Mrs Frankie Foster was the sole owner, and operated it under the trade-name of Teich Monument Works.

A married woman may have her husband act as her agent in making any contract which the law authorizes her to make. Gohlman, Lester & Co. v. Whittle, 114 Tex. 548, 273 S.W. 808. It is agreed that appellant executed the note solely as manager of the Teich Monument Works and not in his individual capacity. Where an agent acts on behalf of a disclosed principal and within the scope of his authority, he is not personally liable to the contracting party, in the absence of an agreement otherwise or under other circumstances showing that he has, expressly or impliedly, incurred the responsibility. Hudson v. Compere, 94 Tex. 449, 61 S.W. 389; Sargent v. Wright, Tex.Civ.App., 230 S.W. 781; 3 C.J.S. 119, Agency, § 215.

In the case of Farm & Home Savings & Loan Ass'n v. Abernathy, 129 Tex. 379, 102 S.W.2d 410, 411, 104 S.W.2d 1111, Abernathy signed a note and deed of trust with his wife, which deed recited that he joined "his wife in the note and deed of trust as a formal requirement to make them legal under the law." The Supreme Court held that he did not join as a co-maker or joint obligor, and was not personally liable on the note. The court stated that, "if plaintiff in error was willing to make an agreement to look to Mrs. Abernathy and her separate estate alone for payment, we see no reason why it should not be held

to abide by that agreement." See also Wadkins v. Watson, 86 Tex. 194, 24 S.W. 385, 22 L.R.A. 779.

■ Since it is expressly stipulated that appellant signed the note for Teich Monument Works solely as its manager and not in his individual capacity, it must be held that he is not liable individually for .the indebtedness so incurred; and judgment in that regard must be reversed and judgment here rendered that appellee take nothing by his suit on the note against appellant, Linden Foster.

The liability of the truck for the debt represented by the note is controlled by our statutes, the material portions of which are as follows:

Art. 4621: "The community property of the husband and wife shall not be liable for debts or damages resulting from contracts of the wife, except for necessaries furnished herself and children, unless the husband joins in the execution of the contract * * *."

Art. 4623: "Neither the separate property of the husband nor the community property other than the personal earnings of the wife, and the income, rents and revenues from her separate property, shall be subject to the payment of debts contracted by the wife, except those contracted for necessaries .furnished her or her children * * *."

■ Under the agreed statement of facts the indebtedness represented by the note was that of the wife, incurred in her private separate business enterprise. It is agreed that appellant did not join in the execution of the contract, but that he acted solely as manager of her business and property in executing it. The agreed facts indisputably show that the indebtedness represented by the note was not for necessaries furnished to Mrs. Foster or her children. The rights of parties dealing with a married woman or her estate are prescribed by the statutes quoted, and under the plain language of those statutes the community property of the husband and wife (except perhaps the personal earnings of the wife and the income, rents, and revenues derived from her separate property) is not subject to the payment of debts and obligations contracted by the wife, unless it be for necessaries for herself or her children, or unless the husband joins in the execution of the contract. It is agreed that appellant, Linden Foster, did not join in the execution of the note, except as manager of his wife's business; and if the truck be held to be community property, its attachment cannot subject it to the payment of the indebtedness represented by the note under the above statutes. Taylor v. Hustead & Tucker, Tex.Com.App. 257 S. W. 232.

The agreement that appellant executed the note as manager of his wife's business and not individually could only mean that appellee was not seeking to hold him on the note, but took it knowing that he was intending to bind only the wife and her separate business enterprise thereon, which facts bring the suit on the note clearly within the rule announced in the Abernathy case, supra, to the effect if appellee were willing to agree to look to Mrs. Foster and her separate estate alone for payment of the note, no reason is shown why he "should not be held to abide by that agreement." Especially should this rule apply here, because it was not shown that appellant, as agent of his wife's separate business enterprise, contracted the indebtedness represented by the note, but merely executed it as manager of such business, which was the only connection appellant was shown to have had with the note, or the indebtedness represented by it.

■■ We hold that appellant and the community estate are liable for the amount of the open account sued on. The amended petition alleged, the proof tended to show, and the trial court found that "plaintiff delivered to defendant, Frankie Foster, doing business under the trade-name of Teich Monumental Works, at the special instance and request of defendant, Linden Foster, Mgr., certain labor and materials in the total sum of $107.59, and charged said items to Teich Monumental Works, which amount is just, due and unpaid." These facts bring the suit on the open account clearly within the established rule that where the husband contracts a debt for his wife's business enterprise, or her separate estate, that if he is authorized to act for the wife as here, not only are the wife and her separate estate, but the husband and their community estate are also bound. Cullum v. Lowe, Tex.Civ.App., 9 S.W.8d 70; Cauble v. Beaver-Electra Refining Co., 115 Tex. 1, 274 S.W. 120; Gohlman, Lester & Co. v. Whittle, 114 Tex. 548, 273 S.W. 808; Farm & Home Savings, etc., v. Abernathy, supra; Wetzel v. Simon, 87 Tex. 403, 28 S.W. 274, 942; 23 Tex.Jur.

209. Under such facts the husband is regarded as having impliedly joined in the execution of the contract, and the liability of the community property for the contract is thereby established under the provisions of Art. 4621, supra.

Appellant further contends that the attached truck belonged to his separate estate and was not liable for the indebtedness represented by either the note or the open account sued upon, under the provisions of Art. 4623, supra, which make the separate property of the husband only liable for necessaries furnished to the wife or children. The truck was acquired during the marriage relation of appellant and his wife, and it is presumed to belong to the community estate, in absence of a contrary showing. Heidenheimer Bros. v. McKeen, 63 Tex. 229; Canfield v. Moore, 16 Tex.Civ.App. 472, 41 S.W. 718; Schutz v. Harris, Tex.Civ.App., 149 S.W. 242; Emerson-Brantingham Implement Co. v. Brothers, Tex.Civ.App., 194 S.W. 608.

Appellant attempted to overcome this presumption by showing that while he was acting as manager of Teich Monument Works, and at the time his father-in-law still owned it, his father-in-law or Teich Monument Works paid all but about 25% of the premiums, which 25% was paid with community funds, on insurance policies covering appellant's life, in lieu of compensation insurance, the premiums being paid as a gift and not as a part of his wages or salary as manager; that appellant borrowed $1,200 on these insurance policies, which he claims to be separate property, and loaned the $1,200 to his father-in-law or to Teich Monument Works, and then accepted the truck from them in payment of the debt. The separate property claim as regards the suit on open account is not sustained for two reasons:

In the first place the above detailed facts raised an issue of fact as to whether the insurance policies were the separate property of appellant; which issue the trial court determined against him upon sufficient evidence.

In the second place the facts stated bring the case within the rule of the cases last above cited, to the effect that where money is borrowed after marriage it is presumed to be borrowed for the benefit of the community, in absence of a contrary showing; which was not done in the instant case, and the indebtedness is regarded as a community debt, even though it is secured by a pledge of the separate property of one spouse or the other. Under this rule, and irrespective of whether the insurance policies are separate or community property, the $1,200 borrowed on them was not proceeds of the policies, but represented a loan to the husband on security of the policies, which loan created a community debt, and being so, the money thus derived, in absence of a contrary agreement, became community property, in which a mutation occurred by lending it out and receiving and accepting in payment of the loan the truck in suit.

Appellant presents several other propositions, which we have considered and find that they do not present error and will not be discussed at length. Suffice it to say that we regard the pleadings to be sufficient as against his general demurrer. We also sustain the action of the trial court in refusing him a continuance after the amendment of appellee's pleadings alleging that appellant was individually liable for the indebtedness sued upon. The case was tried before the new rules of procedure were effective. Appellant addressed his general demurrer to the original petition, which was overruled. Later, by permission of the court, appellee filed his first amended original petition which supplanted the original petition and cured the defects urged by the demurrer to the original petition. Having been supplanted by the amended petition, any error with regard to overruling the demurrer to the original petition is harmless. The demurrer to the first amended original petition complained that the allegations in the petition were at variance with the allegations in the affidavit for attachment. The fact that the amended petition may have been at variance with the affidavit in the attachment proceedings, is no ground for sustaining a demurrer to the amended petition. It might have been a basis for a motion to quash the writ of attachment. Permitting the amendment of the pleadings so as to urge the personal liability of appellant for the indebtedness sued upon, and the refusal to continue the case on the ground of surprise were matters largely within the discretion of the trial court, and there is no showing whatever that appellee was injured by reason of either ruling.

In view of our above holdings, the judgment of the trial court rendering personal judgment against appellant upon the note

and foreclosing the attachment lien against the truck in satisfaction of the indebtedness represented by the note is reversed and judgment here rendered for appellant that appellee take nothing by his suit against appellant on the note, and that the foreclosure of the attachment lien in satisfaction of the indebtedness represented by the note is denied. The judgment of the trial court against appellant upon the open account and for foreclosure of the attachment lien on the truck in satisfaction of said indebtedness is affirmed.

Affirmed in part and in part reversed and rendered.