ISAAC HUDSON v. COMPERE BROTHERS.

No. 993. Decided March 25, 1901.

**1. Agency—Liability of Agent.**

The general rule is that an agent receiving money for and paying it over to his principal is not liable for its return, though the principal be, and is not personally bound upon contracts made in the name of his principal. (P. 451.)

**2. Agency—Insurance—Premium Notes—Consideration.**

An insurance agent who advanced to the company the premium for a policy and took notes on time from the insured to himself for the amount (which was, in effect, a loan by such agent personally to the insured) could recover on the notes though the insurance company was at the time insolvent and soon after placed in the hands of a receiver—the notes being for a valuable consideration independent of the ability of the company to afford protection. (Pp. 450, 451.)

QUESTION CERTIFIED from the Court of Civil Appeals for the Second District, in an appeal from Taylor County.

*Cockrell & Hardwicke* and *Theodore Mack*, for appellant.—The court erred in holding plaintiffs entitled to judgment, because the facts found by the court show the notes were given in lieu of the premium on fire insurance policy; insolvency of the company issuing the policy; that the policy was worthless. And there being no consideration for the notes, judgment should have been rendered for defendant.

The court erred in rendering judgment for plaintiffs, because the findings establish that there was no consideration for the notes, and plaintiffs being the original payees or obligees in said notes and same remaining in their possession, judgment should have been rendered for defendant. Rev. Stats., art. 314.

Plaintiffs having solicited the insurance and it being left to them to select the company, and they having selected the company, they thereby impliedly warranted that the company of their selection was solvent, and the finding being that the company was insolvent and the policy was valueless, plaintiffs were not entitled to recover. Beach on Con., sec. 639.

By their actions plaintiffs impliedly contracted and in law became bound to place such insurance in a solvent company, and having failed to do so they are not entitled to recover. Beach on Con., sec. 639.

*C. M. Christenberry*, for appellees.—An insurance agent issues a policy to a party and becomes responsible to the company for the premium, and in accordance with the rules and custom of the company remits said premium, but in the individual capacity of said agent advances the money to the insured and takes a note from said insured payable to himself. Said note is for a valuable consideration and is collectible in full. Waters v. Wandless, 35 S. W. Rep., 184; Dolsen v. De Ganahl, 8 S. W. Rep., 321, 70 Texas, 621; 11 Am. and Eng. Enc. of Law, 1 ed., p. 333, subdiv. 9.

An agent does not lose his independence as an individual because he is an agent. But if said agent loans money to a party to enable said party to purchase a policy and takes said party's promissory notes to evidence said loan, and in so doing said agent acts in an individual capacity, the contract is complete when the policy is delivered and notes executed. The notes are for a valuable consideration and the insurance company can not be considered in the matter, not being concerned. Waters v. Wandless, 35 S. W. Rep., 184; 11 Am. and Eng. Enc. of Law, 1 ed., p. 333, subdiv. 9.

WILLIAMS, Associate Justice.—This case is thus stated by the Court of Civil Appeals:

"Compere Brothers were local insurance agents at Abilene, Texas, representing nonresident fire insurance companies, among which was the Fort Wayne Insurance Company of Fort Wayne, Ind., which was acting under due permit to do business in this State. Compere Brothers, as such agents, solicited Isaac Hudson to take out insurance on certain gin property owned by him. The terms as to payment of premium having been stated by Compere Brothers to be cash and Hudson not having the cash with which to pay such premium, it was agreed that Hudson would insure said property as solicited; that Compere Brothers should, for him, advance to the company the cash necessary for the payment of the premium and in consideration of such advance accept Hudson's notes. The selection of the company in which such insurance should be taken was left to said agents. Compere Brothers thereupon, as agents, issued to Hudson a policy of insurance upon his said property in the company above named and forwarded to the company the cash (less commission) required as payment for the premium, in consideration of which Hudson executed and delivered to Compere Brothers two notes for $112.50 each, payable to appellees, maturing respectively October 23 and November 23, 1899, the same representing the amount of the required premium, both parties acting in good faith. But it appeared that within a short time after the policy was issued and the premium remitted as stated, said insurance company was placed in the hands of a receiver, it in fact being insolvent at the date of the issuance of the policy, but such insolvency was unknown to either Compere Brothers or to Hudson. No loss in fact occurred under the policy, but had there been one Hudson could have recovered nothing on his policy by reason of the insolvency of the company as stated.

"The cause was tried April 12, 1900, the policy expiring September 23, 1900. The permit to do business in Texas was revoked by the Insurance Commissioner of Texas on October 28, 1899, the policy and notes being dated September 23, 1899. At the maturity of said notes, Hudson having refused payment thereof, Compere Brothers instituted this suit in the County Court of Taylor County against Hudson to recover thereon. Hudson was duly made party defendant and pleaded

in defense of the suit a total want and failure of consideration arising out of the insolvency of the insurance company as above stated. The trial below resulted in a judgment for Compere Brothers, which on appeal to this court, was affirmed upon a former date, and the cause is now pending before us on motion for rehearing.

"The sole question of law arising· upon the facts stated and which we hereby certify to your honors, is: Did such facts support said plea of a total want of consideration and failure of consideration as against the premium notes mentioned in the hands of said original payees?"

There can be no doubt that there was a consideration for the note when it was given, and we think it equally clear that the consideration has not failed. The money advanced by appellants to pay the premium was a loan to appellee and for this the note was given. The contract of insurance was between appellee and the company and was completed by the payment of the premium and delivery of the policy. It has been held that a note given to an insolvent company for the premium on a policy is without consideration and can not be enforced. Insurance Co. v. Smith, 63 Ill., 187. It may be conceded, for the sake of argument, that this is correct, and also that, under proper circumstances, the insured would have a cause of action against such company to recover back a premium actually paid, and still it would not follow that such an action would lie against an agent, through whose hands the premium had passed, after it had been paid over to the principal. With some exceptions not applicable here, the rule is that an agent receiving money for his principal and paying it over to him can not be made liable for its return, although the principal should be so liable. Story on Agency, 9 ed., sec. 300, and authorities cited in note.

It is also a general rule of the law that the agent is not personally bound upon the contracts made in the name of his principal. Story on Agency, secs. 261, 263 These principles control this question. Appellant borrowed the money from appellees with which to pay the premium and is therefore liable on the note, unless appellees are bound, because of the insolvency of the principal, to make restoration. The company being authorized to do business in this State, it and not its agents became bound upon the contract of insurance. Rev. Stats., art. 3095. The case stands precisely as if appellant had paid the premium to the agents and they had in good faith delivered it to the principal. The agents, in such case, would not be bound for the return of the money, and it follows that their right to recover upon the note is as good as would be that of any other person from whom appellee might have borrowed it. The contention that the agents should be held to have warranted the solvency of the principal is inconsistent with the principles stated.