## WHITE v. RUTHERFORD.

(Court of Civil Appeals of Texas. Texarkana. May 23, 1912. Rehearing Denied June 20, 1912.)

PRINCIPAL AND AGENT (§ 136*)—FRAUD—PERSONAL LIABILITY OF AGENT.

Plaintiff, on rescinding a contract to trade land for fictitious vendor's lien notes, is not entitled to hold the other party's agent personally for money paid him as part consideration for the notes; the payment being made at the other party's direction for services in negotiating the trade, and the agent not having participated in any fraud.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 447–450, 476–491; Dec. Dig. § 136.*]

Appeal from Franklin County Court; G. E. Cowan, Judge.

Action by J. L. Rutherford against B. B. White. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

J. H. Beavers, of Winnsboro, and Jones & Jones, of Mineola, for appellant. Wilkinson & Wilkinson, of Mt. Vernon, for appellee.

LEVY, J. The point made on appeal, by proper assignment, is that the court erred in refusing to peremptorily instruct a verdict for appellant as requested. C. T. Wright was the sole owner and holder of two certain notes purporting to be vendor's lien notes on a tract of land in El Paso county, Tex. Appellee agreed with appellant, who was acting in the negotiation and agreement merely as agent for C. T. Wright, to purchase the two notes by giving therefor $300 in money and a tract of land in Titus county. A conveyance of his land to C. T. Wright was made by appellee, and at the direction of C. T. Wright the $300 was paid over by appellee to the appellant in payment for his services rendered to Wright. It later developed that the notes were executed in the first instance by a fictitious person, and were worthless, and were not a valid lien on the land. C. T. Wright was not the original payee in the notes, but a subsequent purchaser in course of trade. Upon the ascertainment of the facts about the notes, the appellee then sued C. T. Wright in rescission of the contract of sale of his land, and for title and possession of the land, but did not seek to recover the $300. Later a judgment was entered in appellee's favor, canceling the sale, and for the title to the land.

Appellee brought a distinct suit against appellant to recover a personal judgment for the $300, upon the ground that such sum was a part of the purchase price paid and received by him for the notes. As it clearly appears that the appellant was acting in the negotiation and agreement, to appellee's knowledge, merely as the authorized agent of C. T. Wright, and that he had no interest in the notes, and that he was paid the $300 at Wright's direction, solely as pay to him for services rendered to Wright in the negotiation, there is a failure of proof to make the appellant a principal in the transaction. And in such circumstances, in order to fix a liability growing out of the transaction, the appellee would be entirely remitted to a suit against the principal in the contract of sale, and not the agent of the principal acting merely as such agent in negotiating the sale. It appearing, as it does, that Wright was the principal and appellant merely the agent in the transaction, then appellee, in his suit against Wright in rescission, was entitled to recover against him both the land and the $300. And as it appears, according to appellee's allegation and contention, that he obtained judgment in that suit against Wright for the land, the legal effect of the judgment is to rescind the contract of sale between the contracting parties, and to put at an end the contract of sale. By seeking to recover only the land, the appellee thus seems to have elected to waive any recovery against Wright of the $300. So, in the light of the circumstances, it must be held that it is not shown that the agent incurred any personal liability to appellee on the contract. And as the evidence does not warrant, we think, any finding that the agent knowingly made false representations inducing the contract, he could not, if at all, be here held personally liable on such ground. The assignment, therefore, should be, we think, sustained.

This ruling necessitates in the record reversing the judgment, and here rendering judgment for appellant, with all costs, which is accordingly ordered.