## SARGENT v. WRIGHT et al.  (No. 6550.)

(Court of Civil Appeals of Texas.  San Antonio.  April 20, 1921.  Rehearing Denied May 26, 1921.)

1. **Principal and agent** ⟨⟩136(2)—Agent not personally liable on contracts in name of principal, unless he assumes liability.

An agent is not personally liable upon contracts made in the name of his principal, unless he assumes liability personally.

2. **Pleading** ⟨⟩111—When controverting affidavit to plea of privilege is filed, burden rests on plaintiff to prove his case.

Under Rev. St. art. 1903, when plea of privilege was filed by a defendant, it constituted prima facie proof that the venue should be changed to the county of her residence, and when the controverting affidavit was filed by plaintiff, as the statute demanded, the burden rested on him to show that the other defendant, acting as agent of the first, had employed plaintiff to sell the first defendant's land, and not only had promised that the first defendant would pay commission, but that he, the other defendant, would also be liable individually for the commission.

Error from Tarrant County Court; W. P. Walker, Judge.

Action by Will L. Sargent against Eva Wright and others.  Judgment for defendants, and plaintiff brings error.  Affirmed.

Graves & Houtchens, of Fort Worth, for plaintiff in error.

Miller & Miller, of Fort Worth, for defendants in error.

FLY, C. J.  Plaintiff in error brought this action against defendants in error Mrs. Eva Wright and M. K. Miller, to recover of them $253.75, alleged to be due him for services in procuring a purchaser for lands situated in Henderson county.  It was alleged that Miller resided in Tarrant county and Mrs.

Wright in Henderson county. It was also alleged that Miller acted as the agent of Mrs. Wright in making the contract for the services of plaintiff in error, who resided in Tarrant county. It was not alleged that a promise was made in writing to pay the commission in Tarrant county, but it is sought to obtain jurisdiction of the person of Mrs. Wright by alleging that her agent lived in Tarrant county, and that he and his principal were jointly liable for the debt.

Mrs. Wright pleaded her privilege to be sued in Henderson county, and Miller filed special exceptions to the petition on the ground that it showed that he was an agent, and not liable on the contract of his disclosed principal. The cause was heard by the court, and the plea of privilege sustained, and the cause transferred to Henderson county for a trial.

[1] The allegations show that the principal was disclosed by the agent, that he made the contract in the name of his principal, and that he was acting within the scope of his authority. It was a well-established rule of law that the agent is not personally liable upon contracts made in the name of his principal, unless he assumes liability personally. Hudson v. Compere, 94 Tex. 449, 61 S. W. 389; Mechem on Agency, § 1357.

If the allegations show the liability of the agent which is extremely doubtful, the facts show beyond doubt that Mrs. Wright had never authorized her agent, Miller, to pay any one a commission to sell her land, and that she did not authorize plaintiff in error to act as her agent, and had no knowledge that he had so acted. Miller testified that he had never agreed to pay a commission to plaintiff in error either for himself or for Mrs. Wright. The evidence disclosed that plaintiff in error was attempting to get commissions from both sides of the trade.

[2] Plaintiff in error seems to labor under the impression that if he alleged in his petition that the two defendants, although residing in different counties, were jointly and severally liable, and the proof showed that one of the defendants resided in the county in which the action was filed, the court was compelled to overrule the plea of privilege, in spite of the fact that every material allegation in the petition was disproved. Under article 1903, Revised Statutes of Texas, when the plea of privilege was filed by Mrs. Wright, it constituted prima facie proof that the venue should be changed to Henderson county, and when a controverting affidavit was filed by plaintiff in error, as the statute demanded, then the burden rested on him to show that Miller, acting as the agent of Mrs. Wright, had employed him to sell her land, and not only had promised that Mrs. Wright would pay him a commission, but that he (Miller) would also be liable individually for the same. Brooks v. Wichita Mill Co., 211 S. W. 288; Witt v. Stith, 212 S. W. 673; Tex. Supply Co. v. Oil Co., 219 S. W. 838; Masterson v. O'Fiel, 219 S. W. 1117; Bledsoe v. Barber, 220 S. W. 369; Hutchison v. Hamilton, 223 S. W. 864. Plaintiff in error not only failed to prove his allegations, but they were disproved by defendants in error.

The judgment is affirmed.

⬅═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes