**NORTHWESTERN NAT. LIFE INS. CO. v.
MIEARS et al.
No. 8631.**

Court of Civil Appeals of Texas. Austin.
April 20, 1938.

Everett L. Looney, of Austin, for appellant.

Robert B. Thrasher, of Austin, for appellees.

BLAIR, Justice.

Appellant, Northwestern National Life Insurance Company, sued appellees, C. H. Miears and Wm. H. Bright, on a promissory note for the principal sum of $343.10, executed by C. H. Miears, payable to the order of "Wm. H. Bright, agent," who by written guaranty of payment and indorsement on the back of the note transferred same to appellant. As defense, appellee Miears pleaded, in substance, that he applied for a life insurance policy to appellant company, and that at the time he had a verbal agreement with Wm. H. Bright the agent of appellant who solicited the insurance, that the note sued on would not have to be paid by appellee Miears, but that the first year's premium on the policy for which the note had been given would be paid by medical services to be rendered by appellee Miears to Wm. H. Bright and his family, and for which he gave Bright credit on his books at the time. Appellee Miears also sought judgment over against Wm. H. Bright by cross-action, in the event he was held liable on the note to appellant; but no service was had upon Bright and the cross action against him was dismissed. The case was submitted to the jury on special issues, and on their finding the court rendered judgment that appellant take nothing by its suit against appellee Miears; hence this appeal.

We have reached the conclusion that appellant's motion for an instructed verdict should have been sustained under both the pleadings and the undisputed evidence of appellee. Appellee Miears predicated his defense to the note upon the ground that it was without consideration, alleging that appellant, through its agent Bright, verbally agreed with appellee that the "first year's premium of $343.10 would be paid in medical services to be rendered to said Wm. H. Bright, agent of Northwestern National

Life Insurance Company, and members of his family," and with which amount appellee Miears credited Bright upon his books, but of which amount Bright only used about $30. On the issue thus pleaded, Miears testified as follows:

"Mr. Bright (the agent) made the statement that he would take care of the premium on the policy, and I was to look after his family and pay him the premium on the policy in services—medical and surgical services. He said he would take care of the company on the premium of the policy. * * *

"That was the basis on which I finally signed that note; that he was to get it back in at least ninety days; he had made another sale and was taking a note that was due in ninety days; he knew the man would be able to pay; and he knew, if he did not sell other insurance, he knew he would be able to get it in ninety days, anyhow; and there was no danger of conflict there, because he would have the note back long before ninety days; and that is the basis on which he prevailed on me to sign that note. * * *

"Q. He told you he had to get a note from you signed by you—he told you that he had to get a note signed by you and send it to the company before the company would put the policy in effect; is that the substance of it? A. I expect it is; I guess that is right.

"Q. And he told you that he would collect some other premium that he had coming and pay off the company and get the note back before that six months was up? A. Yes, sir.

"Q. On that basis you executed the note and signed it payable to him as agent for $343.10? A. Yes."

It does not clearly appear whether appellee claimed that the note in suit was without consideration because the insurance contract did not become effective upon the delivery of the application and note to appellant and its delivery of the policy to appellee; but, if so, the contention is not sustained. The law is settled that where a premium is payable in advance, as it was in the instant case, and the policy and the application constitute the contract, the acceptance of a premium note instead of cash and a delivery of the policy effects a payment of the premium, and the insurance is in force immediately. And where the insured retains the policy and enjoys the protection thereof, he can not defeat the premium note on the ground that it was given in consideration of a private agreement between him and the agent that the agent would himself pay the premium, based upon some other consideration or contract. Duncan v. United Mutual Fire Ins. Co., 113 Tex. 305, 254 S.W. 1101; Hudson v. Compere, 94 Tex. 449, 61 S.W. 389; Amicable Life Ins. Co. v. White, Tex. Civ.App., 38 S.W.2d 860; New York Life Ins. Co. v. Baese, Tex.Civ.App., 31 S.W. 824; Reppond v. National Life Ins. Co. of America, 100 Tex. 519, 101 S.W. 786, 11 L.R.A.,N.S., 981, 15 Ann.Cas. 618. Miear's testimony clearly shows that he executed and delivered the note, payable to the agent of the company, in payment of the first annual premium on the policy, with the intention and understanding that the policy would become effective and in force immediately upon delivery of the note. He thereby became obligated to pay the note, which was based upon valuable consideration.

The alleged oral agreement between appellee Miears and Bright, that Bright would pay the note given in payment of the first year's premium by paying for medical services rendered to him and his family by appellee, is merely a private agreement between appellee and Bright. Reppond v. National Life Ins. Co., supra. Such an agreement is not binding upon appellant insurance company for two reasons. In the first place, no fact or circumstance was alleged nor proved to show that Bright as agent of appellant had authority to so bind it.

In the second place, the effect of the alleged oral agreement was that appellee would never have to pay the note executed by him in payment of the first year's premium. The law is settled that in absence of fraud inducing the execution of a note, a verbal agreement made contemporaneously with its execution, to the effect that the maker would never be obligated to pay the note, is not enforceable, because parol evidence of the oral agreement is not admissible to vary the terms of the written note or contract. Mitcham v. London, Tex. Civ.App., 110 S.W.2d 140.

Nor would appellee under his pleadings be entitled to any offset for medical services rendered Bright against any interest Bright may have in the note. Appellee's cross action against Bright was dismissed without objection. And whether Miears may have a cause of action against Bright for services rendered or for dam-

ages for breach of contract is not material in this suit. Not having by sufficient pleadings raised the issue, appellee would not be entitled to offset the value of his medical services against a possible interest of Bright in the note. Bright by written guaranty and indorsement assigned all his interest in the note to appellant, at least sufficient for the purposes of this suit by appellant on the note.

The judgment of the trial court is reversed, and judgment is here rendered for appellant for the principal sum of the note, together with interest as therein provided against appellee C. H. Miears, as principal, and against Wm. H. Bright, as guarantor and indorser of the note.

Reversed and rendered.