## COLORADO LIFE CO. v. SWEAT.

### No. 5241.

Court of Civil Appeals of Texas. Amarillo.
Sept. 15, 1941.

Anderson & Ford, of Amarillo, for appellant.

Eugene Worley, of Shamrock, for appellee.

STOKES, Justice.

The First National Bank of Shamrock instituted this suit in the Justice Court of precinct No. 4, Wheeler County, against appellee, Rufus Sweat, upon a promissory note in the sum of $90, dated February 15, 1939, due June 1st after date. Appellant, Colorado Life Company, was made a party defendant and appellee reconvened praying judgment against it for any sum of money which may be adjudged against him on the note. After the case was disposed of in the Justice Court an appeal was perfected to the County Court where like issues were made and a trial in the latter court resulted in an agreed judgment in favor of the bank against appellee for $106.82, the amount due on the note. The issues between appellee and appellant were submitted to a jury and upon the verdict returned, judgment was entered in favor of appellee against appellant for the same amount, plus an additional item of $20, for which he sued.

Appellant excepted to the judgment and has perfected an appeal to this court where it is presented upon a large number of assignments of error and propositions of law. We do not find it necessary to discuss the various propositions contained in the brief, but are of the opinion that the judgment must be reversed because of the refusal of the court to give to the jury a peremptory instruction in appellant's favor in response to its motion praying therefor.

The record shows that on the 13th of February, 1939, one L. H. Bowie, a soliciting agent of appellant, procured from appellee an application for a policy of life insurance in the sum of $2,000, and that the policy was duly issued by appellant and delivered to appellee. As consideration for the first year's premium, appellant paid to Bowie $20 in cash and executed the note herein sued upon, payable to Bowie, and by him afterwards assigned to the First National Bank of Shamrock. In his plea of reconvention against appellant, appellee alleged that Bowie, acting in his capacity as agent of appellant, represented to appellee that, if appellee would execute and deliver to him a note in the sum of $90 and pay the balance of the premium in cash, Bowie would effect a settlement between appellee and appellant upon a prior policy then held by appellee for the surrender value of such prior policy which would amount at least to $90, and with such surrender value discharge the note for that amount which he proposed that appellee execute to him. He alleged that he accepted the new policy, executed the note and paid the $20 in cash upon that representation of the agent, and that Bowie, the agent, had fraudulently failed and refused to carry out his promises in that respect. He al-

leged that, in making such promises and agreements, Bowie was representing appellant and prayed for judgment over against appellant for any amount for which judgment may be rendered against him in favor of the bank and also for the $20 which he had paid in cash to Bowie.

The testimony revealed the facts substantially as pleaded by appellee and the verdict of the jury was substantially to the same effect.

At the close of the testimony appellant requested the court to instruct the jury to return a verdict in its favor, which was refused by the court, and in refusing to submit the requested peremptory instruction we think the court committed reversible error. The application for the $2,000 policy was introduced in evidence and it contains a provision to the effect that the policy and the application shall constitute the entire contract between the parties and that no statement, no matter to whom made, that is not contained in the application, shall bind the company. It provides further that only an executive officer of the company, in writing, can make, modify or discharge contracts of insurance or waive any of the company's rights or requirements and that none of these acts can be done by any person other than such executive officer. The application was signed by appellee and appellee must be charged with notice of its contents. The agreement was oral and, therefore, not contained in the application. Moreover, it was manifestly a contract between appellee and the agent concerning the note which appellee executed to him and could not have the effect of binding the appellant to any of its terms. The law is well settled in this state that any such agreements are wholly outside of the insurance contract and cannot have the effect of binding the company. These oral agreements, not contained in the application or the policy, constitute the basis of appellee's claim against appellant and since appellant could not be bound by them, it was entitled to a peremptory instruction in its favor. Art 5050, Vernon's Ann.Civ.Statutes (1925); Northwestern Nat. Life Ins. Co. v. Miears, .Tex.Civ. App., 115 S.W.2d 1128; Beaty v. Southland Life Ins. Co., Tex.Civ.App., 28 S.W.2d 895; Gause v. Security Life Ins. Co., Tex.Civ. App., 207 S.W. 346; Security Life Ins. Co. v. Allen, Tex.Civ.App., 170 S.W. 131; Mogul Producing & Ref. Co. v. Leverton, Tex. Civ.App., 265 S.W. 426.

The record further shows that appellant's counsel admitted the surrender value of the prior policy held by appellee when the application for the new policy was made amounted to more than $90. It is not shown that appellee made any effort whatever to consummate a settlement with appellant by which he would receive the surrender value, nor that he had ever requested appellant to make a settlement with him for what may be due as surrender value of the prior policy. The policy was not tendered into court at the trial but the record shows appellee is still in possession of it. In the absence of an offer to surrender it, he would not, of course, be entitled to receive its surrender value, and this constitutes another reason why appellant was entitled to a peremptory instruction.

The judgment will be reversed and judgment here rendered that appellee take nothing by his cross-action against appellant, and that he pay all costs incurred by reason of the litigation.