**SYNATZSKE et ux. v. GORHAM.**

No. 9716.

Court of Civil Appeals of Texas. Austin.

May 5, 1948.

392

Frank D. Kerbow, of Austin, for appellant.

Alvis & Carssow, by W. B. Carssow, of Austin, for appellee.

RAYMOND GRAY, Justice.

Mrs. Ethel Synatzske and husband, John Synatzske, sued R. L. Gorham for recovery of $300 paid by Mrs. Synatzske to Gorham, under the terms of a written contract of purchase and sale of real estate executed by Robert H. Delancy as seller, R. L. Gorham as agent for seller, and Mrs. Synatzske as purchaser. John Synatzske did not sign the contract. There is no controversy as to the terms of the contract, and the evidence is undisputed that: at the date of the contract, plaintiffs were husband and wife; the husband did not sign the contract; the defendant Gorham was a real estate agent and as such represented the seller, Robert H. Delancy; Mrs. Synatzske paid $300 to Gorham, as earnest money, to be applied on the purchase price for the property under the terms of the contract, and shortly afterwards she notified defendant she had rescinded the contract and demanded a return of the $300.

The trial was to a jury, and at the conclusion of the testimony the trial court instructed a verdict for defendant. On this verdict judgment was rendered that plaintiffs take nothing.

A determination of the question of whether or not, under the pleadings and evidence, the trial court erred in instructing the jury and rendering judgment that plaintiffs take nothing will dispose of this appeal.

The rule in this State is well settled that an agent who acts, within the scope of his authority, for a disclosed principal is not personally liable to the contracting party, absent an agreement or satisfactory showing he has incurred such responsibility. Hudson v. Compere, 94 Tex. 449, 61 S.W. 389; Sargent v. Wright, Tex. Civ.App., 230 S.W. 781; and Foster v. Hackworth, Tex.Civ.App., 164 S.W.2d 796.

The rule as stated in Restatement of the Law of Agency, Sec. 340, p. 748, is: "Upon rescission by the other party of a transaction by which an agent has received things on behalf of a disclosed or partially disclosed principal, the agent is not thereby under a duty to return the things received to the other, if the cause for rescission arose after the receipt." White v. Rutherford, Tex.Civ.App., 148 S.W. 598.

Having reached the conclusion that appellants, upon the record here presented, cannot maintain their action against appellee, we affirm the judgment of the trial court. This renders unnecessary the consideration of appellants' other assignments further than to say they are subject to the rule announced in Pitts v. Elser, 87 Tex. 347, 28 S.W. 518, and can not be here sustained.

The judgment of the trial court is affirmed.