DARR EQUIPMENT COMPANY, Appellant,

v.

Robert N. OWENS, Appellee.

No. 7756.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 25, 1966.

Rehearing Denied Nov. 22, 1966.

Cahill Hitt, Atchley, Russell, Hutchinson & Waldrop, Texarkana, Dalton, Moore, Forde & Joiner, Dallas, for appellant.

Sidney Lee, Texarkana, for appellee.

CHADICK, Chief Justice.

This is a venue case. The trial court decided that Subdivision 4, Art. 1995, Vernon's Ann.Tex.Civ.St., accorded Robert N. Owens, the plaintiff in the underlying breach of contract suit, the prerogative of prosecuting the suit in Cass County, where filed, and where one of the two defendants resided. The orders overruling the plea of privilege of the non-resident defendant, Darr Equipment Company, is affirmed.

The exception to the general rule of venue allowed by § 4, Art. 1995 may be claimed by a plaintiff on showing: (a) one defendant in the lawsuit resides in the county of suit; (b) the party asserting a privilege to be sued elsewhere is at least a proper party to the suit against the resident de-

fendant; and (c) the plaintiff has a bona fide cause of action against the resident defendant. The appellant Darr Equipment Company concedes that in the plea of privilege hearing Owens' pleading and proof satisfied the first two requirements of the exception, but that Owens did not prove the third element, a cause of action for deceit (actionable fraud) plead against Dent Baillio, the defendant residing in Cass County and co-defendant in the suit with Darr Equipment Company.

The action Owens plead against Baillio individually is stated in this language, to-wit:

"* * * defendant, Dent Baillio, falsely and/or fraudulently and/or negligently represented to the plaintiff that he was defendant, Darr Equipment Company's, agent and had full and complete authority from said defendant company to contract on behalf of said defendant company to sell and deliver the hereinabove described personal property to the plaintiff upon the terms and conditions heretofore described, which false and/or fraudulent and/or negligent representations were relied upon by the plaintiff."

Counsel for Darr Equipment Company now, as well as in the trial court construes the statement as an effort by Owens to plead deceit (actionable fraud), a tort 'action. On the basis of the proof offered in the trial court and the position taken in this court counsel for Owens interprets a part of the quoted pleading as the statement of an action for breach of implied warranty of agency, an action ex contractu. All elements of either of the actions the parties suggest are not set out in the quoted pleading, and such actions at best are imperfectly plead.

■ The rule applicable to the construction of the quoted pleading may be found in Gulf, Colorado and Santa Fe Railway Company v. Bliss, Tex., 368 S.W.2d 594, in this language, to-wit:

"* * * the petition will be construed as favorably as possible for the pleader. The court will look to the pleader's intendment and the pleading will be upheld even if some element of a cause of action has not been specifically alleged. Every fact will be supplied that can reasonably be inferred from what is specifically stated. * * *"

The appellee Owens' brief argues the pleading sufficiently states a breach of implied warranty action because:

"Summarized, the appellee's pleading was that the agent falsely represented to the plaintiff that he was the appellant's agent and had full and complete authority from the appellant to contract on behalf of the appellant to sell and deliver the machinery to the appellee upon the described terms and conditions. Since the representation was false, it would seem fair to consider the allegation to be one that Baillio actually had no such authority.

"It is correct that the appellee did not state in so many words that Baillio falsely represented his authority and thereby impliedly warranted he had such authority; but the legal consequences of a false representation as to authority would be a conclusion of law. * * *"

Although the construction Owens places on the language used is not inescapable, in the absence of objection the allegations appear sufficient to give Darr Equipment Company fair notice that Owens was suing Baillio individually for breach of an implied warranty of agency. Rule 45, Vernon's Ann. Rules of Civil Procedure.

■ Darr Equipment Company did not object to the imperfect pleadings and failure to object constituted waiver under Rule 90, V.A.T.R., and consent to a trial of the breach of implied warranty of agency action. Issues pertaining to venue when tried by the expressed or implied consent of the parties are treated in every respect as if they have been raised in the pleadings.

Kroll v. Collins (Tex.Civ.App.1960), 340 S. W.2d 838, no writ; Burney v. Winfrey (Tex.Civ.App.1959), 329 S.W.2d 136, no writ; Pacific Finance Loans v. Ingram (Tex.Civ.App.1956), 290 S.W.2d 261, no writ; Western Irr. Co. v. Reeves County Land Co., (Tex.Civ.App.1950), 233 S.W.2d 599, no writ; Dillingham v. Associated Employers Lloyds (Tex.Civ.App.1950), 233 S. W.2d 191, no writ; Rule 67. See also Buchanan v. Jean, 141 Tex. 401, 172 S.W.2d 688.

■ At the hearing on the plea of privilege Owens proceeded on the theory that defendant Baillio was a resident of Cass County and the agent of the defendant Darr Equipment Company in the sale to him, Owens, of a bulldozer equipped tractor, or alternately, defendant Baillio warranted such agency in the course of the sales transaction. Both Baillio and Darr Equipment Company denied that Baillio was an agent authorized to sell the tractor, insisting his agency was limited to soliciting offers from prospective buyers. However, Owens tendered evidence that Baillio impliedly warranted to Owens that he, Baillio, had authority as agent for Darr Equipment Company to sell the tractor. Evidence of the breach of such warranty was also produced. Darr Equipment Company argues Owens was on notice of Baillio's limited authority by reason of a written contract Owens and Baillio signed evidencing the sale. The written instrument does not as a matter of law visit notice of Baillio's limited authority upon Owens. The trial judge has resolved the fact issues created by the instrument against Darr Equipment Company.

■ The evidence tendered is sufficient to support Owens' cause of action against Baillio, the resident defendant, for breach of an implied warranty of agency. Having impliedly warranted his authority to make the sale to Owens, upon it being proven that he was not authorized to do so, Baillio became personally liable for the damage occasioned to Owens by the breach.

San Angelo Cotton Oil Company v. Houston County Oil Mill & Mfg. Co. (Tex.Civ. App.1916) 185 S.W. 887, no writ; Agency, 3 American Jur.2d 657, § 298; Restatement, Agency, 2d Ed. § 329. The implied warranty is contractual in nature and is an agreement collateral to the main purpose of the sales contract. Jones v. George, 61 Tex. 345; Sales, 50 Tex.Jur.2d 426, § 135. Proof of breach of such warranty does not require proof of the elements of a deceit action. Whittaker & Co. v. Hueske, 29 Tex. 355; Sales, 50 Tex.Jur.2d 428, § 136. The implication of the judgment rendered is that the trial court found the breach of warranty action in Owens' favor. Such implied finding satisfies the requirement of § 4, Art. 1995, that Owens prove a valid cause of action against Baillio, the resident defendant, and failure to prove the deceit action became immaterial.

The previous opinion in this case is withdrawn and this substituted for it. Appellant's motion for re-hearing is overruled. The judgment of the trial court is affirmed.