Adolph HANSLIK, Appellant,

v.

NICKELS GINNING COMPANY, a Partnership, Appellee.

No. 8380.

Court of Civil Appeals of Texas, Amarillo.

June 11, 1973.

Evans, Pharr, Trout & Jones, Chauncey Trout, Lubbock, for appellant.

Young & Green, Gordon H. Green, Muleshoe, for appellee.

REYNOLDS, Justice.

Venue resolved adverse to a plea of privilege asserted by the nonresident one of two defendants produced this appellate review. The evidence does not negate this defendant's right to be sued in his domiciliary county. Reversed and transferred.

Appellee Nickels Ginning Company, a partnership, instituted suit against appellant Adolph Hanslik, a resident of Lubbock County, and M. K. Dean, a resident of Bailey County, seeking damages for the defendants' failure to pay for cotton purchased from appellee. The allegations are that appellee sold and delivered cotton in Bailey County to appellant, who was acting by and through his agent Dean, and that appellant wrongfully refused to honor the drafts drawn on him by his agent Dean and delivered to appellee as payment for the cotton. Alternatively, it is contended that if Dean was not the agent of appellant, then Dean is liable for false representations on which appellee relied, and for wrongfully issuing the drafts.

The suit was filed in the District Court of Bailey County. Appellant Hanslik filed his plea of privilege to have the cause of action pleaded against him transferred to Lubbock County, his residential county. Appellee Nickels Ginning Company filed its controverting affidavit, claiming therein that venue is properly laid in Bailey County because appellee has a bona fide claim against defendant Dean, a resident of Bailey County, and appellant Hanslik is at least a proper party to the suit.

At the venue hearing held on February 28, 1973, appellee presented three witnesses; appellant called no witnesses. Evelyn Riley, an appellee partner, testified. Previous to the transaction giving rise to this lawsuit, appellee had sold cotton to Dean and received drafts drawn on appellant's account which were paid. Respecting the litigious transaction, Mrs. Riley, on behalf of appellee, sold 334 bales of cotton to Dean, who she knew, because Dean told her, was buying the cotton for appellant Hanslik. She delivered the cotton tickets to Mrs. Carelean Hamilton, Dean's partner, and received a cotton acceptance check issued by Mrs. Hamilton and drawn on appellant's account. The cotton acceptance check is in evidence; it is in the form of a draft, dated January 6, 1972, in the sum of $50,823.63, and discloses that it was issued

for 334 bales of cotton sold by appellee to Dean-Hamilton Assoc. (drawee) for charge to the account of Adolph Hanslik-Cotton at First National Bank, Lubbock, Texas. Appellee deposited the draft in the regular course of business; it was returned unpaid with the notation "UNAUTHORIZED PURCHASE" hand printed thereon. When asked if she knew why that draft was returned, Mrs. Riley replied, "It said an 'Unauthorized Purchase,' I believe." Dean returned the cotton tickets to appellee. Following a conversation between Mrs. Riley and Dean, a second draft dated January 8, 1972, was issued by Dean on the appellant's account in the sum of $50,477.61, and delivered to Mrs. Riley for the same 334 bales of cotton. The second draft was in the lesser sum because appellee and Dean agreed to deduct the commission which Mrs. Riley thought was one dollar per bale and which Mrs. Riley understood Dean was going to pay. This second draft was deposited and also returned unpaid carrying the hand printed notation "UNAUTHORIZED PURCHASE," but, although it was admitted in evidence, Mrs. Riley was not sure why this draft was returned. The date this draft was returned is not reflected in the record. Appellee has not received any money from the transaction. Respecting the damages claimed, Mrs. Riley testified ad verbum:

"Q. I show you Plaintiff's Exhibit 1 and ask you if you can tell from this instrument how much you sold this cotton for?

"A. $50,823.63.

"Q. Mrs. Riley, based on your knowledge of the cotton market, do you have an opinion as to what that cotton is worth *today*? (emphasis supplied).

"A. Probably sixteen cents a pound.

"Q. What would the total price be of 334 bales?

"A. Probably approximately 25,000, maybe.

"Q. The cotton *today* would be worth about $25,000 less than it was the day you thought you sold it? (Emphasis supplied).

"A. Yes, sir.

"Q. If you went to sell that cotton *today,* you could only realize $25,000 out of the total 334 bales? (Emphasis supplied).

"A. Approximately."

Defendant M. K. Dean was called to testify. At all times material, he was a resident of Bailey County. During this one cotton season, he and Mrs. Carelean Hamilton operated a partnership under an oral agreement. He bought cotton for three or four cotton brokers, but not for himself. The cotton was purchased on the basis of a price given to Dean, and to remain in effect until changed on notification, by the brokers. Dean was given a checkbook of drafts by each broker for whom he purchased cotton and oral permission to issue the drafts with the proper warehouse receipts attached. During this particular cotton season, Dean wrote several acceptance drafts on appellant Hanslik's account for approximately $100,000.00 worth of cotton and all, except the two drafts involved in this litigation, were accepted and paid. Dean had a conversation with appellant after the first draft was issued. As a result of this conversation, Dean sent his check in the amount of $334.00 to appellant to ". . . compensate for a little of the decline of the market, and that was agreeable with Mrs. Riley, . . ." The record shows nothing further in regard to this check. It was Dean's understanding from the conversation that appellant agreed to Dean's issuing the second draft on appellant's account.

Carelean Hamilton gave testimony. She talked with appellant Hanslik by telephone prior to her issuance of the first draft. Appellant first said something to the effect that he was not interested in buying any more cotton, but when informed that appel-

lee had been told the cotton would be bought, appellant said, "If we have bought it, we have bought it." Mrs. Hamilton and Dean were buying cotton for the cotton brokers on their instructions, and she was sure it was clear to appellee that the cotton was not bought for the account of Hamilton and Dean.

Following this hearing, the trial court overruled the plea of privilege and this appeal resulted. Appellate review is invoked on three points of error; viz., that appellee failed to prove (1) a cause of action against the resident defendant Dean, (2) a joint cause of action against both defendants, and (3) damages.

Vernon's Ann.Civ.Stat. art. 1995 states that a resident of this state shall not be sued out of the county in which he has his domicile except in those instances enumerated therein. By its contravention to appellant's plea of privilege, appellee sought to apply the exception provided in the permissive first sentence of subdivision 4 of the statute, to-wit:

"4. Defendants in different counties.— If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides."

To sustain venue in Bailey County against appellant Hanslik, appellee was required to plead and prove by affirmative evidence both the residency of Dean in Bailey County and a cause of action against him, and also plead the non-residence of appellant Hanslik and a joint cause of action against him and Dean, or a cause of action against Dean so intimately connected with the cause of action alleged against appellant that appellant may be joined under the rule intended to avoid a multiplicity of suits. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (1936); Windham v. Alpine Independent School District, 478 S.W.2d 861 (Tex.Civ.App.— Amarillo 1972, writ dism'd).

Appellee neither pleaded nor attempted to prove against the defendant Dean a cause of action joined with the cause of action alleged against appellant Hanslik. Primarily, appellee pleaded that appellant was liable through the allegation of the agency of Dean; alternatively, if Dean was not appellant's agent, then appellee pleaded that Dean was liable on the general allegation of Dean's false representation upon which appellee relied, and on the allegation of Dean's wrongful issuance of the unpaid drafts. It is uncontroverted that Dean resides in Bailey County. The evidence introduced by appellee indisputably established that Dean was and acted as the agent of his disclosed principal, appellant Hanslik, and that such agency was not only known to, but was specifically relied upon by, appellee in entering into the transaction from which this lawsuit resulted. Under these circumstances, Dean incurred no personal liability to appellee for the contract made for and in the name of his disclosed principal, Hudson v. Compere, 94 Tex. 449, 61 S.W. 389 (1901), in the absence of either an agreement to the contrary or a satisfactory showing that Dean incurred such responsibility. Synatzske v. Gorham, 211 S.W.2d 291 (Tex.Civ.App.— Austin 1948, no writ). There is neither pleading nor proof that Dean agreed to personal liability for the transaction; thus, relational to the causes of action alleged, it must be determined whether there is affirmative evidence that established Dean's responsibility under the generally alleged reliant misrepresentation or the alleged wrongful issuance of the drafts.

Appellee contends that the unpaid drafts returned as unauthorized purchases are evidence that Dean's representation to appellee that he had authority to purchase the cotton for appellant was false, and evidence that Dean wrongfully issued the drafts on appellant's account when he had no such authority. The reason given by Mrs. Riley why the first draft was not paid was "(i)t said an 'Unauthorized Pur-

chase,' I believe," and she was not sure why the second draft was not paid. The record is devoid of any evidence showing who entered the hand printed notations "UNAUTHORIZED PURCHASE" appearing on the returned drafts admitted into evidence, or when, or under what circumstances or by what authority the notations were made. Therefore, the hand printed notations are hearsay and inadmissible as proof of any fact, and particularly the notations are no proof that Dean was without authority to issue, or wrongfully issued, the drafts, 1 McCormick & Ray, Texas Evidence § 790 (2d ed. 1956); and the notations appearing on the drafts admitted into evidence with or without objection are incompetent to establish any fact or to form the basis of a judgment. Texas Co. v. Lee, 138 Tex. 167, 157 S.W.2d 628 (1941); Sampson v. APCO Oil Corporation, 476 S.W.2d 430 (Tex.Civ.App.—Amarillo 1972, no writ). All of the competent evidence, then, is that the drafts were issued pursuant to Dean's agency and within the scope of his authority.

■■■ Moreover, appellee failed to prove the essential damage element of the cause of action alleged against the resident defendant Dean. Although it was not necessary that appellee establish the amount of damages at the venue hearing, it was necessary that appellee prove some damage was sustained. Gulf Oil Corporation v. Martindale, 381 S.W.2d 141 (Tex.Civ.App.

—Beaumont 1964, no writ). If any damage was suffered by appellee, it was the difference between the contract price of the cotton and its market value at the time and place of its delivery, White v. Matador Land & Cattle Co., 75 Tex. 465, 12 S.W. 866 (1889), and not, as appellee advances, the difference between the contract price and the value of the cotton on the date of the venue hearing. The evidence did establish the contract price, but there is no evidence that the cotton had a lesser value at the time and place delivery was refused. The only evidence of the market value of the cotton was Mrs. Riley's testimony of its market value on February 28, 1973, the date of the venue hearing, which was more than a year after the alleged breach of the contract. Appellee further points to Dean's testimony of mailing his check to appellant to ". . . compensate for a little of the decline of the market . . ." as evidence of some damage. Since Dean's check was given to appellant, this demonstrates neither damages occurring to appellee nor that the market value of the cotton on the date and at the place the contract allegedly was breached had declined below the contract price.

Appellant's points of error are sustained. The judgment of the trial court overruling appellant's plea of privilege is reversed; the cause of action applicable to appellant Adolph Hanslik is ordered transferred to the District Court of Lubbock County.