James **HELLAND**, Appellant,

v.

**WESTERN CONSTRUCTION COMPANY,**
Appellee.

No. 15352.

Court of Civil Appeals of Texas,
San Antonio.

Nov. 20, 1974.

· Morrison, Dittmar, Dahlgren & Kaine, San Antonio, for appellant.

Homer E. Dean, Jr., Alice, for appellee.

KLINGEMAN, Justice.

This is a venue action involving Subdivision 4, Article 1995, Vernon's Tex.Rev. Civ.Stat.Ann. (1964).[1] Appellee, Western Construction Company, hereinafter sometimes referred to as Western, filed suit in the District Court of Jim Wells County, against Murlynson Drilling Company, a resident of Jim Wells County, hereinafter called Murlynson, and James Helland, a resident of Bexar County, Texas, hereinafter called Helland, on a sworn account to recover the sum of $10,298.70, for services performed and materials furnished by it in connection with the drilling of an oil and gas well on lands in Jim Hogg County. Helland filed a plea of privilege to be sued in Bexar County. Western controverted such plea relying on Subdivision 4 and Subdivision 29a,[2] Article 1995. After a non-jury trial, the trial court overruled Helland's plea of privilege.

Here, in order to invoke the exception to the general rule of venue under Subdivision 4 of Article 1995, it was incumbent upon the appellee, Western, to show (1) one defendant in the lawsuit resides in the county of suit; (2) the party asserting the privilege to be sued elsewhere is, at least, a proper party to the suit against the resident defendant; and (3) plaintiff has a bona fide cause of action against the resident defendant. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (1936); Ford Motor Credit Company v. Garcia, 504 S.W.2d 931 (Tex. Civ.App.—San Antonio 1974, no writ); Darr Equipment Company v. Owens, 408 S.W.2d 566 (Tex.Civ.App.—Texarkana 1966, no writ); Kirksey v. Warren, 348 S. W.2d 33 (Tex.Civ.App.—Dallas 1961, no writ).

Appellant, Helland, complains that the trial court erred in overruling his plea of privilege because plaintiff failed to prove, by evidence of probative force, a cause of action against the resident defendant, Murlynson.

The dominant purpose of our venue statutes is to give a person who has

---

1. The applicable portion of Subdivision 4 is as follows: "If two or more defendants reside in different counties, suits may be brought in any county where one of the defendants resides."

2. Under the facts in this case, it is not necessary for us to consider Subdivision 29a. See Pioneer Building and Loan Association v. Gray, 132 Tex. 509, 514, 125 S.W.2d 284, 286 (1939); Rudco Oil and Gas Company v. Ogden, 167 S.W.2d 586 (Tex.Civ.App.— Eastland 1942, no writ).

been sued the right to defend such suit in the county of his residence, except under well-defined exceptions. To deprive a defendant of the right of trial in the county of his domicile, the case filed against him must clearly come within one of the exceptions found in this statute, and the burden rests upon the plaintiff to allege and prove that the case comes within the exception. A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619 (1939); 59 Tex.Jur.2d, Venue, Section 15 (1964).

As a basis for the cause of action against Murlynson, Western relies on those cases holding that if a person acts as agent for his principal but actually is without authority, he is liable to third persons with whom he deals based on implied warranty of authority. Darr Equipment Company v. Owens, supra; Calhoun v. Burden, 424 S. W.2d 517 (Tex.Civ.App.—Waco 1968, writ dism'd); San Angelo Cotton Oil Company v. Houston County Oil Mill and Manufacturing Company, 185 S.W. 887 (Tex.Civ. App.—Amarillo 1916, no writ).[3]

It is to be noted that Western does not plead breach of warranty of authority and an examination of Western's pleadings shows that it is a suit upon a sworn account for labor and material furnished and, in support of such account, there is attached an invoice of Western Construction Company addressed solely to James Helland, listing work done and materials furnished in the amount of Western's claim. Plaintiff nowhere alleges that Murlynson was an agent of Helland; that Murlynson made any misrepresentations with regard

to his agency or authority; or that Murlynson exceeded his authority or breached his warranty of agency or authority.

Helland is the lessee and operator under an oil and gas lease referred to as the Mestena Lease and, prior to the drilling of the well here involved, which is referred to as the Mestena C–1, had drilled two wells known as the Mestana A–1 and the Mestena B–1, in which Murlynson was the drilling contractor and in which Western did the road and site location work. The drilling contract between Helland and Murlynson for the C–1 well was introduced into evidence. This contract contains the signature of Helland as owner and Pete Murphy, on behalf of Murlynson, as contractor. Such contract, among other things, provides that Helland will furnish and pay for the clearing of the location and the building of necessary roads.

Pete Murphy testified that Murlynson is a corporation and that he is the owner and president of such corporation. He further testified that prior to the drilling of the Mestena C–1, Helland called him and told him that he was ready to go; that Helland asked him if he could get the road location built, and he told Helland that he could; that they discussed the fact that Western had done the work before on the two previous wells, and it had done a good job; and that he and Helland agreed to use Western again. He testified that he thereafter called Mr. Smith of Western and told him to do whatever it took to get in there. Part of the problem here involved is that Murphy was in the hospital at the time the work was being done.

3. In *Darr*, the alleged agent, Baillio, was a resident of the county of the suit. Plaintiff alleged in its petition that Baillio falsely and fraudulently represented to plaintiff that he was Darr's agent and had full and complete authority from Darr to contract to sell and deliver the personal property involved to plaintiff which fraudulent representations were relied upon by plaintiff. The court held that in a suit on a contract made by an agent where his authority to make it is questioned, the agent is a proper party defendant if sued in the alternative as liable in the event of a determination that he had no such authority. In San Angelo Cotton Oil Company v. Houston County Oil Mill and Manufacturing Company, supra, plaintiff joined Zimmerman Brokerage Company as a party defendant suing in Dallas County, the domicile of the brokerage company upon allegations that in the event that it should be determined that the brokerage company acted without authority, plaintiff have judgment against said brokerage company in the same amount alleged against the cotton oil company.

The basic dispute here is as to the amount of work done. Helland contends that the work done was excessive and that the charge was exorbitant. He stated that he had never before seen this type of road or site built on a wildcat lease. Western, on the other hand, contends that they encountered unusual conditions; that it was raining all the time; that the terrain was sandy and contained blow sand and quicksand; that there were difficult problems about getting heavy equipment in. Smith further testified that he was in regular contact with Murphy, giving him the details of what was being done and the difficulties that they encountered. He stated that all the work done was necessary.

It is clear from the record that Western knew that Helland was Murlynson's principal and that Murlynson was acting as Helland's agent in the transaction. The vice-president of Western testified that they never submitted any invoices to Murlynson; that they never looked to them for payment but always looked to Helland; that they felt that Murlynson was acting as Helland's agent. He testified that prior to the demand letter of January 31, 1974, they never, at any time, looked to Murphy or Murlynson for payment of the indebtedness;[4] that they did not look to them for payment of it now; and that, as far as they were concerned, Helland owed the bill and not Murphy or Murlynson.

Helland does not deny that Murlynson was acting as his agent in the transaction and testified that Murlynson was his agent; that Murlynson was authorized to hire Western to do what the contract called for to get the road in there and prepare the drill site. The dispute here is over what Helland considered to be excess work done under the authorization.

As a general rule, an agent is not liable on a contract made for his principal. McGough v. Massey-Ferguson, Inc., 384

S.W.2d 154 (Tex.Civ.App.—Eastland 1964, writ dism'd); Ford Motor Company, Edsel Division v. Boatman, 345 S.W.2d 782 (Tex.Civ.App.—Beaumont 1961, no writ); Rudco Oil and Gas Company v. Ogden, supra. In United Federal Life Insurance Company v. Cloud, 370 S.W.2d 147 (Tex. Civ.App.—Eastland 1963, no writ), the court said:

" 'An agent's authority is presumed to be coextensive with the business entrusted to his care. Moreover, such presumed or apparent authority is not diminished by private limitations placed thereon by the principal, where such limitations are known only to the principal and the agent, and are not communicated to innocent third parties dealing with the agent.' 2 Tex.Jur. (2d) 490. 'Accordingly, if an agent's conduct is within the scope of his apparent authority, his principal will be deemed to be bound thereby, even though the agent's conduct may violate certain private instructions given by the principal to the agent only.' "

Helland relies heavily on Hanslik v. Nickel Ginning Company, 496 S.W.2d 788 (Tex.Civ.App.—Amarillo 1973, no writ), a venue action under Subdivision 4 where the Court of Civil Appeals, in reversing the judgment of the trial court overruling a plea of privilege, said:

"Appellee neither pleaded nor attempted to prove against the defendant Dean a cause of action joined with the cause of action alleged against appellant Hanslik. . . . The evidence introduced by appellee indisputably established that Dean was and acted as the agent of his disclosed principal, appellant Hanslik, and that such agency was not only known to, but was specifically relied upon by, appellee in entering into the transaction from which this lawsuit resulted. Under these circumstances, Dean incurred no personal liability to appellee for the contract made for and in the name of his

---

4. There are references in the brief and throughout the trial which show that all parties regarded Pete Murphy and Murlynson as one and the same.

disclosed principal, Hudson v. Compere, 94 Tex. 449, 61 S.W. 389 (1901), in the absence of either an agreement to the contrary or a satisfactory showing that Dean incurred such responsibility. Synatzske v. Gorham, 211 S.W.2d 291 (Tex.Civ.App.—Austin 1948, no writ). There is neither pleading nor proof that Dean agreed to personal liability for the transaction; . . . ."

The record clearly establishes that Western's cause of action is a suit on a sworn account against Helland, and there is no evidence that Murlynson owes such account. There is no evidence of probative force to establish Murlynson's liability under any exception to the general rule that an agent is not liable for a contract made for his principal. If Western has any character of claim against Murlynson, it did not assert it or prove it at the hearing.

Western did not plead or prove a bona fide cause of action against Murlynson, the resident defendant. The judgment of the trial court is reversed and the cause remanded to the trial court with instructions that it be transferred to the District Court of Bexar County, Texas.